**ORIGINAL**

# In the United States Court of Federal Claims

No. 15-436C
(Filed: June 4, 2015)

**FILED**
JUN - 4 2015
U.S. COURT OF
FEDERAL CLAIMS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

MARIAN LEON-PAUL,

*Plaintiff*,

v.

THE UNITED STATES,

*Defendant.*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

Plaintiff, Marian Leon-Paul, filed a handwritten complaint in this court on April 24, 2015. She also filed a motion to proceed *in forma pauperis* on June 3, 2015. For good cause shown, we grant the motion to waive the filing fee. It is clear on the face of the complaint that we lack jurisdiction over the allegations contained therein. This is for two reasons: 1) the complaint is not against the United States, and 2) the allegations in the complaint are in tort. The first page of the complaint clearly indicates that plaintiff is attempting to sue several individuals, not the United States: "Claim for Damages: Against Mr. James Gavin Senior and two of his sons, James Gavin Jr. And Tom and (Angela) Gavin." Compl. 1. The nature of the suit is, as plaintiff writes, "aggravated assault, harassment over six years, sexual attack . . . claim for 50 million plus tax." *Id.* The named Gavins allegedly called and visited plaintiff in her home so many times that they "invaded her thinking" and caused harm to her person and property. *Id.* Plaintiff also attempted to file a variety of documents, which attempt to add some allegations, clarify others, and establish plaintiff's inability to pay the filing fee. The clerk's office has not filed those documents because they do not conform to this court's rules.

The Tucker Act, this court's primary grant of jurisdiction, only gives this court authority to "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any

regulation of an executive department, or upon any express or implied contract with the United States . . . in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012). What this means is that plaintiff must allege that there is a constitutional, statutory, or regulatory provision that mandates that she is presently owed money by the United States government or that she has a contract with the government under which she is owed payment. Specifically excluded from our jurisdiction are cases involving allegations of tortious conduct, such as harassment and assault. It is plain that plaintiff's allegations do not fall within the class of claims embraced by the Tucker Act, as quoted above. This court's rules require that, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3). Plaintiff's case must be dismissed.

Due to the volume of documents that plaintiff has unsuccessfully attempted to file, in order to conserve judicial resources in the future, plaintiff is prohibited from further filing documents related to this case unless specifically brought pursuant to a rule contained within the Rules of the United States Court of Federal Claims. Accordingly, the following is ordered:

1. Plaintiff's motion to proceed *in forma pauperis* is granted.

2. The Clerk of Court is directed to dismiss the complaint for lack of jurisdiction and enter judgment accordingly.

3. The clerk's office is directed to return the various documents attached to this order unfiled because they do not conform to the rules of this court.

4. Further, the clerk's office is directed not to accept any future filings or correspondence regarding this case from plaintiff unless it is a Notice of Appeal or motion denominated as such under a rule of this court.

ERIC G. BRUGGINK
Judge